

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-19-00152-CR
No. 02-19-00153-CR
No. 02-19-00154-CR

———————————————————

RODERICK G. POLK, Appellant

V.

THE STATE OF TEXAS

On Appeal from the 371st District Court
Tarrant County, Texas
Trial Court Nos. 1491853D, 1491855D, 1491893D

Before Gabriel, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Gabriel

# MEMORANDUM OPINION

Appellant Roderick G. Polk appeals from the trial court's judgments revoking his community supervisions; adjudicating his guilt for aggravated sexual assault, aggravated assault, and aggravated kidnapping; and sentencing him to concurrent 25-year terms of confinement with fines of $147, $600, and $600. We modify the judgments and the incorporated orders to withdraw funds to delete the fines and, as modified, affirm the trial court's judgments. *See* Tex. R. App. P. 43.2(b).

Polk was indicted with three offenses committed against Bonnie Taylor[1] on March 21, 2017: aggravated sexual assault, aggravated assault, and aggravated kidnapping. *See* Tex. Penal Code Ann. §§ 20.04, 22.02(a)(2), 22.021. Under the terms of a plea-bargain agreement, Polk pleaded guilty to each offense; the trial court deferred adjudicating his guilt and placed him on community supervision for six years for each offense. The trial court also prohibited Polk from contacting Taylor and imposed nonsuspended $600 fines, which were additional terms of the plea-bargain agreements. During the period of Polk's community supervisions, the State filed petitions to proceed to a hearing to determine if Polk's community supervisions should be revoked and his guilt adjudicated. The State alleged in each petition that Polk had had direct contact with Taylor. Polk pleaded true to the State's violation allegations. After a hearing, the trial court found the allegations to be true and

---

[1]This is an alias. *See* Tex. R. App. P. 9.8 cmt.; Tex. App. (Fort Worth) Loc. R. 7.

adjudged Polk guilty of the underlying offenses. Based on the same evidence adduced at the adjudication hearing, the trial court revoked Polk's community supervision and sentenced him to concurrent 25-year terms of confinement. In the judgments adjudicating Polk's guilt, the trial court imposed a $147 fine and two $600 fines. Polk filed motions for new trial, which were deemed denied. *See* Tex. R. App. P. 21.8(c).

Polk timely filed a notice of appeal from the trial court's judgments. *See* Tex. R. App. P. 26.2(a). Polk's court-appointed appellate counsel has filed a motion to withdraw as counsel, accompanied by a brief in support of that motion. In the brief, counsel states that in his professional opinion, these appeals are frivolous and without merit. Counsel's brief and motion meet the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief. 386 U.S. 738, 744 (1967). After being given access to the appellate record, *see Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014), Polk responded and argued that he received ineffective assistance of trial counsel because counsel had "misinformed" Polk of the revocation proceedings and had failed to "seek out" rebuttal evidence.

Once an appellant's court-appointed attorney files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, we have a supervisory obligation to undertake an independent examination of the record. *See Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Mays v. State*, 904 S.W.2d 920, 922–23 (Tex. App.—Fort Worth 1995, no pet.). In this evaluation, we consider

3

the record, the arguments raised in the *Anders* brief, and any response filed by the pro se appellant. *See United States v. Wagner*, 158 F.3d 901, 902 (5th Cir. 1998); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008) (orig. proceeding). We have carefully reviewed the record and counsel's brief and have determined that the trial court's judgments adjudicating guilt require modification with regard to the fine assessments included in the judgments and the orders to withdraw funds from Polk's inmate trust account. The trial court did not orally assess a fine during its pronouncement of Polk's sentences, but the written judgments adjudicating guilt include the fines. Although the trial court included "Not Suspended" fines in the orders of deferred adjudication, the judgments adjudicating Polk's guilt set aside the prior deferred orders, including the fines. *See Taylor v. State*, 131 S.W.3d 497, 499–500 (Tex. Crim. App. 2004). Of course, the trial court's oral pronouncement of the sentences controls over its written judgments to the extent they conflict. *Id.* at 502. Accordingly, because the trial court did not include any fines in its oral pronouncement of the sentences at Polk's revocation hearing, we modify the trial court's judgments adjudicating guilt to delete the fines, which must also be removed from the incorporated orders to withdraw funds from Polk's inmate trust account. *See id.*; *Bowie v. State*, No. 02-16-00379-CR, 2017 WL 2806320, at *3 (Tex. App.—Fort Worth June 29, 2017, no pet.) (mem. op., not designated for publication); *Cox v. State*, No. 02-13-00596-CR, 2015 WL 831544, *1 (Tex. App.—Fort Worth Feb. 26, 2015, no pet.) (mem. op., not designated for publication).

Except for this modification to the judgments, we agree with counsel that these appeals are wholly frivolous and without merit. Our independent review of the records reveals nothing further that might arguably support the appeals. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw, modify the trial court's judgments and incorporated orders to withdraw funds to delete the fines, and affirm the judgments as modified. *See Bray v. State*, 179 S.W.3d 725, 726 (Tex. App.—Fort Worth 2005, no pet.) (en banc) (modifying judgment in *Anders* appeal and affirming judgment as modified).

/s/ Lee Gabriel

Lee Gabriel
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: February 27, 2020